UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA COLLINS, Individually and as Personal Representative of the ESTATE of DAVID COLLINS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:08-cv-0888-DFH-JMS |
| v. | ) | |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

This case is a product liability action arising from the death of David Collins. Mr. Collins began taking the smoking cessation drug Chantix in October 2007. On January 3, 2008, he died of a self-inflicted gunshot wound. Acting both individually and as the representative of David's estate, his wife Linda Collins filed a complaint against Pfizer, the maker of Chantix, on July 7, 2008. That original complaint pled claims for negligence, strict liability, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, reckless and/or negligent misrepresentation and concealment, gross negligence, and unjust enrichment. Pfizer filed a motion to dismiss all claims except for strict liability and unjust enrichment. Pfizer argued that all other claims are subsumed or preempted by the Indiana Product Liability Act ("IPLA"). Pfizer also argued that claims for punitive damages, attorney fees, pain and

suffering, and loss of enjoyment of life are barred under Indiana law.  The present motion does not address any issues going directly to whether the drug is actually defective or whether any defect could have been a proximate cause of Mr. Collins' death – matters addressed in considerable detail in the complaint.

Mrs. Collins responded to Pfizer's motion by filing an amended complaint that concedes some issues by alleging only claims for product liability, breach of express and implied warranties, and unjust enrichment.  The amended complaint also deleted express references to damages for Mr. Collins' pain and suffering and loss of enjoyment of life.  As is often the case with motions to dismiss on the pleadings, the target has moved, and some of the argument has become abstract and speculative, with stakes that are not at all clear.  As explained below, Pfizer's motion to dismiss is denied as to the breach of warranty claims and prayer for punitive damages and granted as to the prayer for attorney fees.

*Discussion*

In ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in the light most favorable to the plaintiff.  See *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005).  But a formulaic recitation of the elements of the cause of action is not enough to survive a motion to dismiss under

Rule 12(b)(6).  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, —, 127 S.Ct. 1955, 1964-65 (2007).  A plaintiff must "raise a right to relief above the speculative level" by pleading "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965, 1974.  Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief. *Id.* at 1968-69.

I.      *Breach of Warranty Claims*

Pfizer argues that the breach of warranty claims should be dismissed first because they have been "subsumed" or preempted by the IPLA and that even if they were not subsumed, they fail because of plaintiff's failure to give notice before filing suit.  The IPLA governs all actions that are:

(1)     brought by a user or consumer;
(2)     against a manufacturer or seller; and
(3)     for physical harm caused by a product;
regardless of the substantive legal theory or theories upon which the action is brought.

Ind. Code § 34-20-1-1; see generally *Kovach v. Alpharma, Inc.*, 890 N.E.2d 55, 65-66 (Ind. App. 2008)(describing preemptive power of IPLA in case asserting both tort and UCC warranty claims), *transfer pending*, Cause No. 49-A-04-0707-CV-00406.

The UCC, as adopted in Indiana, provides for contractual remedies for breach of express or implied warranties.  Ind. Code § 26-1-2-313; Ind. Code § 26-1-2-314.  The IPLA does not preempt all claims for breach of warranty under the Uniform Commercial Code.   See *Cincinnati Insurance Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2006 WL 299064, at *3; *Hitachi Construction Machinery Co. v. AMAX Coal Co.*, 737 N.E.2d 460, 465 (Ind. App. 2000).

Mrs. Collins' claims for relief under both the express and implied warranties sound in contract.   Under the express warranties, Mrs. Collins lays out the express promises that Pfizer made for Chantix.  She alleges that her husband and other consumers relied on those promises but that the product did not deliver. "CHANTIX does not conform to Defendant's express representations because it is not safe, efficacious, it has numerous and serious unwarned-of side effects, causes severe and permanent injuries and was not adequately tested."  Am. Compl. ¶ 165.   In terms of implied warranties, Mrs. Collins alleges that "Defendant breached its implied warranty to Decedent in that CHANTIX was not of merchantable quality, safe and fit for its intended use, or adequately tested." Am. Compl. ¶ 179.

As reflected in the *Kovach*, *Hitachi Construction Machinery*, and *Cincinnati Insurance* cases, the relationship between tort claims under the IPLA and contract-based claims for breach of warranty under the UCC is still evolving in Indiana law. For example, breach of warranty claims are treated as not subsumed by the IPLA

because they are contractual in nature.  Yet damages can include consequential damages, including "injury to person or property proximately resulting from any breach of warranty."  Ind. Code § 26-1-2-715(2)(b).  That provision seems to open the door to a claim that looks very much like a product liability claim in tort.  Adding to the mystery is the fact that it is not yet clear, at least to this court, what a claim for breach of warranty adds to a plaintiff's defective product claim under the IPLA.  Contractual remedies do not extend to punitive damages.  See *Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 984 (Ind. 1993) (requiring proof of tort to support punitive damages).

The disputed issue here is whether Mrs. Collins was required to give notice to Pfizer of the breach of warranty claims before she filed suit.  The UCC requires that "the buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy."  Ind. Code § 26-1-2-607(3)(a).  Mr. Collins never notified Pfizer of a breach of warranty.  Mrs. Collins did not notify Pfizer of her breach of warranty claims until she filed the original complaint.  One of the primary purposes of the notice provision is to "allow the seller to prepare for negotiation, and litigation."  *Courtesy Enterprises, Inc. v. Richards Laboratories*, 457 N.E.2d 572, 577 (Ind. App 1983).  Pfizer did not have a chance to prepare for this litigation; it first learned of the problem when the suit was filed.  The question becomes whether notice is a condition precedent for filing this lawsuit.  Unless some exception applies, the default rule is that notice is a condition precedent.  "Notice of breach of warranties

is a substantive condition precedent to recovery for an asserted breach." *Id.* at 579.  The Amended Complaint pleads notice by the filing of the original complaint. Am. Compl. ¶¶ 168 & 180.

Applying the notice requirement to tort-like claims like those in this case highlights the ambiguous character of breach of warranty claims that supplement product liability claims under tort law.  Mrs. Collins points out that Mr. Collins never discovered, and could not reasonably be expected to have discovered, the alleged breaches of warranties, so that the statutory requirement never applied to him.

What about Mrs. Collins, who discovered the alleged breaches only after Mr. Collins died, through the pre-suit investigation by her lawyers?  Mrs. Collins offers one theory for avoiding the notice requirement and another for satisfying it by filing the lawsuit.

To avoid the notice requirement, Mrs. Collins cites decisions in Alabama and Maryland for the proposition that only the buyer, and not a third party, is required to give notice.  *Simmons v. Clemco Industries*, 368 So.2d 509, 514 (Ala. 1979); *Frericks v. General Motors Corp.*, 363 A.2d 460, 465 (Md. 1976).   In *Simmons*, the Alabama Supreme Court rested its decision on the requirement in the UCC that the "buyer" notify the seller:  "If the legislature intended to require warranty beneficiaries to give notice, then it is presumed the legislature would

have included such a provision particularly in light of the other specific amendments." 368 So.2d at 514.  The Maryland Court of Appeals made a similar determination in *Frericks*:  "We are not free, in view of the unambiguous language of § 2-607 requiring only the buyer to notify the seller of breach, and the definition of buyer in § 2-103, to extend that requirement to encompass the plaintiffs here." 363 A.2d at 465.

Pfizer points out that Indiana law has not recognized this limit.  The Indiana case law does not provide specifically for a notice requirement for third-parties, but the official comments to the relevant section of Indiana's enactment of the UCC address the issue.  Comment 5 states that "the reason of this section does extend to requiring the beneficiary to notify the seller that an injury has occurred." Ind. Code § 26-1-2-607, cmt. 5.   In general, Indiana courts treat the official comments as an authoritative guide to the UCC.  See, *e.g.*, *Olcott International & Co. v. Micro Data Base Systems, Inc.*, 793 N.E.2d 1063, 1074 (Ind. App. 2003) (relying in part on the official comments to Ind. Code § 26-1-2-725(1) to determine the provision's meaning).   As a beneficiary of the warranties, therefore, Mrs. Collins had the obligation to notify Pfizer once she discovered the alleged breaches.

In the alternative, Mrs. Collins argues that she satisfied the notice requirement by filing the lawsuit because the standards should be relaxed in a personal injury case.  Indiana courts have not yet addressed the question directly.

Courts in other states have construed the UCC to relax the notice requirement for consumers claiming personal injury.  In *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590 (Ill. 1996), the Illinois Supreme Court explained in dicta:  "Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint stating a breach of warranty action against the seller."  Accord,  *Hobbs v. General Motors Corp.*, 134 F. Supp. 2d 1277, 1283-84 (M.D. Ala. 2001) (following *Simmons* and stating in dicta that notice was not important in personal injury cases because the harm had already occurred and could no longer be prevented or mitigated); *Shooshanian v. Wagner*, 672 P.2d 455, 462-63 (Alaska 1983) (holding that a complaint was sufficient notice because it was "certainly not a bar to the negotiation and settlement of claims"); *Goldstein v. G.D. Searle & Co.*, 378 N.E.2d 1083, 1088-89 (Ill. App. 1978) (notice through filing suit four years after injury was not necessarily unreasonable and presented issue for trier of fact); see generally James J. White & Robert S. Summers, Uniform Commercial Code § 11-10 at 774 (5th ed. 2000) ("Not only the drafters but also the commentators and the courts seem to disfavor the lack of notice defense when invoked against an injured consumer").[1]

---

[1]The Supreme Court of Illinois declined to apply the *Goldstein* solution and insisted on notice before suit in a case where no personal injuries were alleged. See *Board of Educ. of City of Chicago v. A, C and S, Inc.*, 546 N.E.2d 580, 596 (Ill. 1989).  As stated above, the Illinois Supreme Court in *Connick* has more recently acknowledged in dicta an exception for personal injury actions.  675 N.E.2d at 590.

*Hobbs* relies on *Simmons*, which stated three justifications for the notice requirement:  to prevent stale claims, to allow the seller to marshal evidence for a defense, and to allow the seller to correct the defect or mitigate damages. *Hobbs*, 134 F. Supp. 2d at 1283-84.  In this case, the notice would have allowed Pfizer to marshal evidence for a defense, particularly since Pfizer asserts that Mrs. Collins' suit is the first product liability case based on Chantix.  Dkt. No. 25 at 6, n.4.  Even if Pfizer had sufficient time to "marshal evidence," the Indiana Supreme Court puts the concern at issue slightly differently, allowing "the seller to prepare for negotiation, and litigation." *Courtesy Enterprises,* 457 N.E.2d at 577.  Yet it is not clear how Pfizer's ability to prepare for negotiation and litigation was hampered by not being notified until litigation has started.  If Indiana courts were to require prejudice to support the lack of notice defense (as they do, for example, with notice requirements under insurance policies, see, *e.g.*, *Officer v. Chase Insurance Life and Annuity Co.*, 541 F.3d 713, 718 (7th Cir. 2008) (summarizing Indiana law; prejudice is presumed with untimely notice, but presumption may be rebutted)), that is an issue that would be difficult to resolve on the pleadings.

At this time, this debate over Indiana law remains abstract and without known consequence in this case.  The parties have not identified for the court what difference the answer would make:  would it be possible, logically or practically, for plaintiff to lose on her IPLA claims but to win on a breach of warranty claim?  Would winning on a breach of warranty claim in addition to the IPLA claims authorize any additional damages?  At this time, therefore, the court

sees no need for or benefit to anyone from a federal court's prediction of Indiana law on this question.  The court denies Pfizer's motion to dismiss the breach of warranty claims based on the failure of notice theory, without prejudice to revisiting the issue if it should ever make a difference.[2]

II.    *Dismissal of Specific Prayers for Damages*

Pfizer has moved to dismiss Mrs. Collins' punitive damage claim under the product liability claim and her claims for attorney fees under both the strict liability claim and the unjust enrichment claim.  To the extent that Mrs. Collins may recover under the Wrongful Death Act, Ind. Code § 34-23-1-1, Indiana law is well-settled that punitive damages are not appropriate.  See *Durham v. U-Haul International*, 745 N.E.2d 755, 757 (Ind. 2001) ("We adhere to precedent that punitive damages are not recoverable in an action brought under the wrongful death statute.").  Mrs. Collins relies on an unpublished decision from the Northern District of Indiana that did not dismiss punitive damages at this point in the litigation.  *Ryan v. Philip Morris USA, Inc.*, 2006 WL 449207 (N.D. Ind. Feb. 22, 2006).  The judge acknowledged that punitive damages were not available under the Wrongful Death Act but left open the possibility, at that early stage of the

---

[2]In its reply brief, Pfizer raised for the first time the theory that Mrs. Collins may not assert a breach of warranty claim because of a lack of "vertical privity." See Dkt. No. 25 at 6, citing *Hyundai Motor America, Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005), and *Kovach v. Alpharma, Inc.*, 890 N.E.2d 55, 69 (Ind. App. 2008) (requiring vertical privity for UCC implied warranty of fitness for particular purpose but not for implied warranty of merchantability).  Plaintiff has not had a fair opportunity to address this issue, raised for the first time in reply, and the court does not address it.

litigation, for merging an IPLA claim, which may allow punitive damages in some instances, with the Wrongful Death Act.  The *Ryan* case does not provide support for the proposition that *Durham* is narrower than it was written.

Pfizer's briefs do not address whether punitive damages may be available under the unjust enrichment claim.  Until that issue is addressed, the court declines to strike plaintiff's prayer for punitive damages.

On the prayer for attorney fees, however, Pfizer has pointed out that Indiana follows the "American rule" and ordinarily requires statutory authority or an agreement for requiring a losing party to pay the prevailing party's attorney fees. *E.g.*, *Indiana Insurance. Co. v. Plummer Power Mower & Tool Rental, Inc.*, 590 N.E.2d 1085, 1093 (Ind. App. 1992), citing *Kikkert v. Krumm*, 474 N.E.2d 503, 504-05 (Ind. 1985).  Mrs. Collins has not identified any legal basis for an award of attorney fees in this case.  The motion to dismiss is granted with respect to the prayer for attorney fees.

## Conclusion

For the foregoing reasons, Pfizer's partial motion to dismiss (Dkt. No. 17) is granted with respect to the prayer for attorney fees and denied in all other respects addressed to the Amended Complaint.

So ordered.

Date: January 20, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Elizabeth Ellis Chambers
CORY WATSON CROWDER & DEGARIS
bellis@cwcd.com

Bonnie L. Gallivan
ICE MILLER LLP
gallivan@icemiller.com

B. Kristian Rasmussen, III
CORY WATSON CROWDER & DEGARIS
krasmussen@cwcd.com

Katherine A. Winchester
ICE MILLER LLP
winchest@icemiller.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com